Law Library / Compiler of Laws

ORIGINAL

FILED
SUPERIOR COURT
OF GUAM

2009 MAR 25 PM 3: 55

CLERK OF COURT

**IN THE SUPERIOR COURT
OF GUAM**

PEOPLE of GUAM,                    )      Criminal Case CF0375-07
                                   )
            Plaintiff,             )
                                   )
      v.                           )      **DECISION AND ORDER**
                                   )      re: Motion to Dismiss
CHRISTOPHER EMMANUEL ALLEN,        )
                                   )
            Defendant.             )
_____)

This matter came before the Honorable Judge Michael J. Bordallo on March 5, 2009. The Plaintiff was represented by Stephen F. Leon Guerrero. The Defendant was represented by F. Randall Cunliffe. Having held a hearing and considered the arguments and reviewed the memorandum and papers presented, the court now issues the following decision denying Defendant's motion.

## BACKGROUND

On August 9, 2008, Defendant was indicted by a grand jury of the Guam Superior Court. The indictment contained the following charges: First Charge, Aggravated Assault a Third Degree Felony; Second Charge, Assault a Misdemeanor; Third Charge, Reckless Conduct a Misdemeanor; Fourth Charge, Impersonating a Public Official. On August 26, 2008, a superseding indictment was filed wherein the Defendant was charged with: First, Charge Aggravated Assault a Third Degree Felony; Second Charge, Assault a Misdemeanor; Third Charge, Reckless Conduct a Misdemeanor; Fourth Charge, Impersonating a Public Officer a Misdemeanor.

## DISCUSSION

Defendant asserts that charges two and three of the August 26, 2008 superseding indictment were filed outside the statute of limitations and that the Fourth Charge is a new and different crime. Reply at 1-2. He argues that these facts require that charges two, three

ORIGINAL

and four of the indictment be dismissed. *Id.* Defendant further argues that a 1999 decision of the Guam Supreme Court requires that indictment filed outside of the statute of limitations contain a statement of affirmative facts which justify or except the application of the limiting statute. *Id.* citing, *Amdsen* v. *Yamon.* 1999 Guam 14 (Sup. Ct. Guam 1999).

Plaintiffs in opposition to Defendant's motion do not dispute that charges two, three and four of the superseding indictment were filed outside of the statute of limitations. Opp. However, they argue that because the August 6,2009 indictment was filled within the statutory time bar, the subsequent superseding indictment is not barred so long as it does not substantially broaden or amend the original charges. *Id.* at 4-5. Plaintiffs further distinguish the Guam Supreme Court's decision as applying to civil matters. *Id.* at 3. In addition to this they assert and argue that Defendant's motion is untimely and that it should not be considered. *Id.* at 2.

Defendant in reply argues that its late filing was justified by his counsel being off island and the Plaintiffs' failure to comply with the court's order to provide a bill of particulars. *Id* at 1. He also argues that because criminal statutes are construed more strictly than civil ones the Guam Supreme Court's decision should apply to this matter. *Id.*

Defendant in this case misconstrues the facts and misinterprets the findings of the Guam Supreme Court's 1999 decision in *Amdsen.* 1999 Guam 14. The Court in *Amdsen* simply affirmed the lower court's decision to dismiss the complaint because it was filed five days beyond the limiting statute's deadline. *Id.* at ¶¶ 13 and 16. The tolling requirement discussed in *Amdsen,* was only applicable because a tolling defense was asserted and because a tolling statute for civil causes of action existed. *Id.* Neither of the afore exists in the instant and are inapplicable to discussion of the application of a criminal limiting statute to a superseding indictment.

Defendant correctly asserts that criminal limiting statutes should be more strictly construed than civil ones. However, the court is unpersuaded that the strict construction of Section 10.30 of Title 8 of the Guam Code, necessitates the dismissal in this matter. 8 Guam Code Ann. § 10.30 (2008). That section provides, "a prosecution for any offense which is not a felony shall be commenced within (1) year after it is committed."Id. The operable language of that section is the phrase, "shall be commenced."Id.

Plaintiffs correctly identify the well settled federal standard by which a superceding indictment is to be reviewed for statute of limitation violations. "[A] superceding indictment relates back to a pending timely indictment so long as the superceding indictment does not materially broaden or substantially amend the original charges. US. v. Rutkoske, 506 F.3d 170, (2nd Cir. 2007)(citations omitted). A review of recent case law reveals that reviewing courts have allowed superseding indictments to moderately amend the dates and facts of the original indictment, even when those facts may increase change the possible sentence imposed if a defendant is convicted. United States v. Garcia, 268 F.3d 407, 415-16 (6th Cir.2001)(a superseding indictment which changed the amount of marijuana allege to have been possessed from less than 1,000 grams to more did not substantially broaden the original indictment); US. v. Hance, 501 F.3d 900, (8th Cir. 2007) (facts may be added which affect sentencing); US. v. Daniels, 387 F.3d 636, 642 (7th Cir. 2004)(superseding indictment was filed changing the dates the criminal act occurred).

In 2007, the First Circuit held that an indictment which originally charged the defendants with conspiracy and bank fraud and then added an additional conspiracy charge, added 5 defendants and altered times frames, did not violate the above standard. *U.S.* v. *Munoz-Franco*, 487 F.3d 25, 53 (1st Cir. 2007). In so holding the First Circuit explained, that the superseding indictment did not substantially broaden the first because it did not

require the defendants to explain actions different from which they were put on notice in the first. *Id.* 54. The Sixth Circuit has similarly explained that, "[i]n determining whether a superseding indictment broadens the charges in the original indictment, the touchstone is whether the original indictment provided notice of the charges such that the defendant can adequately prepare his or her defense." US. v. *Watford*, 468 F.3d 891,907 (6th Cir. 2006).

In the instant case the fourth charge of Plaintiffs' superseding indictment alleges that the defendant violated the provisions of Section 55.30 of Title 9 of the Guam Code. This section provides,

> Impersonating a Public Officer; Defined & Punished.
> A person commits a misdemeanor if he falsely pretends to hold a position in the public service with intent to induce another to submit to such pretended official authority or otherwise to act in reliance upon that pretense to his prejudice.

9 Guam Code **Ann.** § 55.30 (2008). The superseding indictments' allegation language mirrors the statute's. In the original indictment's fourth charge, the Defendant is also alleged to have violated section 55.30 of Title 9. However in original indictment the charging language more specifically alleges that the Defendant impersonated a Superior Court Marshal with an intent to induce two specific Guam Memorial Hospital employees.

Like the cases outlined above the Plaintiffs' amendments do not substantially broaden the original indictment. Although they are less fact specific, the charge is bought under the same statute and identifies the act occurred the same day. Under the above standard the court cannot find that Defendants rights to notice have been so abrogated as to prohibit the superseding indictments relation back to the original.

## CONCLUSION

For the reasons outlined above Defendant's motion to dismiss is denied.

SO ORDERED this 25 day of March 2009.

Honorable Michael J. Bordallo
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

_____

_____

D a t e : Time: _____

_____
Deputy Clerk, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagåtña, Guam

MAR 2 5 2009

Therese M. Blas
Deputy Clerk, Superior Court of Guam